IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

TALLAHASSEE DIVISION

| | |
|---|---|
| KEVIN J. SULLIVAN,<br><br>    Petitioner,<br>v.<br><br>MICHAEL D. CREWS, as<br>Secretary, Department of Corrections,<br>State of Florida,<br><br>    Respondent. | Case No. 4:12cv250-RV/CAS |

**PETITIONER SULLIVAN'S 28 U.S.C. § 2254 REPLY**

The Petitioner, KEVIN J. SULLIVAN, by and through undersigned counsel, submits the following reply to the "Respondent's Motion to Dismiss Portions of Ground One as Untimely and Answer in Response to Order to Show Cause and Petition for Writ of Habeas Corpus" (Doc 35) – hereinafter "answer."

**Overview of the case.**

In his response, the Respondent states:

> The Petition does not demonstrate that Petitioner has been grievously wronged, that this is one of the "few and far between" cases where a petitioner is entitled to prevail . . . .

(Doc 35 - Pg 28). Contrary to the Respondent's assertion, this case – unlike the vast majority of cases that the Court considers – is one of the "few and far between" cases where a petitioner is entitled to prevail because the record is clear that Petitioner Sullivan has been grievously wronged. The facts of this case establish an *egregious example* of ineffective assistance of counsel. The

attorney – by his own admission – proceeded to trial on a theory that had been legislatively abolished for several years (voluntary intoxication). The attorney then attempted to present an insanity defense – despite the fact that the attorney failed to provide the required insanity notice prior to trial. When the trial court gave the attorney the option of a mistrial, the attorney advised Petitioner Sullivan to reject the mistrial option. And as a result of the attorney's actions, *Petitioner Sullivan did not receive the benefit of the State's pretrial plea offer of ten years' imprisonment* and Petitioner Sullivan was left with no defense at trial (in the attorney's own words, he "was just trying to smoke screen the jury and put the dog and pony show on them" (Ex. S 750)). In light of this record, Petitioner Sullivan has shown both that the attorney's performance was deficient and that he was prejudiced by the attorney's deficient performance – no reasonable or competent attorney would have acted this way.

**Ground 1.   Defense counsel rendered ineffective assistance by defending Petitioner Sullivan's case based on the legally impermissible defense of voluntary intoxication instead of advising Petitioner Sullivan to accept the State's pretrial plea offer.**

In his response, the Respondent argues that "[i]n his first claim, Petitioner actually makes two separate claims." (Doc 35 - Pg 28). Contrary to the Respondent's contention, the voluntary intoxication aspect of this claim and the plea offer aspect of this claim are not separate and distinct claims but rather are integral parts of the overall claim of defense counsel's ineffectiveness. The voluntary intoxication aspect of the claim relates to defense counsel's deficient performance (i.e., defense counsel defended Petitioner Sullivan's case based on the legally impermissible defense of voluntary intoxication) and the plea offer aspect of this claim relates to the prejudice suffered by Petitioner Sullivan as a result of defense counsel's ineffectiveness (i.e., had Petitioner Sullivan

known prior to trial that voluntary intoxication was not a defense, he would have accepted the State's ten-year plea offer). In his second amended § 2254 petition, Petitioner Sullivan explained:

> Defense counsel himself admitted that had he known prior to trial that voluntary intoxication was not a defense, he would have recommended that Petitioner Sullivan accept the State's pretrial plea offer. (H2-124).

(Doc 22 - Pg 21). Petitioner Sullivan further explained:

> Notably, Petitioner Sullivan testified during the state postconviction evidentiary hearing that had he known prior to trial that voluntary intoxication was not a defense, *he would have accepted the State's ten-year plea offer.* (H1-22).

(Doc 22 - Pgs 20-21) (emphasis in the original). Therefore, contrary to the Respondent's assertion, Petitioner Sullivan has not raised two separate claims in Ground 1.

Next, the Respondent asserts:

> Petitioner's claim of ineffective assistance based on the assertion that counsel was ineffective during plea negotiations or in presenting a plea to Petitioner is entirely different than the claims in his original petition, which relate to counsel's performance at trial. This claim related to plea negotiations or presentation, is entirely new, does not relate back to the original Petition under [*Mayle v.*] *Felix*[, 545 U.S. 644 (2005),] and, therefore, is well over a year untimely. Because the ineffectiveness during the plea negotiation or presentation claim is over a year untimely, it is properly dismissed.

(Doc 35 - Pg 36). The Respondent's assertion is simply incorrect. In his original § 2254 petition, Petitioner Sullivan specifically argued the following:

> Petitioner Sullivan was substantially prejudiced by defense counsel's presentation of an invalid defense. As explained by expert Robert Sombathy during the state postconviction evidentiary hearing, defense counsel's presentation of a voluntary intoxication defense was fatal: "That was the only defense being presented, it was not a valid defense, therefore, there was no defense." (H2-50). Notably, Petitioner Sullivan testified during the state postconviction evidentiary hearing that had he known prior to trial that voluntary intoxication was not a defense, *he would have accepted the State's ten-year plea offer*. (H1-22). Defense counsel himself admitted that had he known prior to trial that voluntary intoxication was not a defense, he would have recommended that Petitioner Sullivan accept the State's pretrial plea offer. (H2-124).[FN12] *See Lafler v. Cooper*, – U.S. –, –, 132 S. Ct.

> 1376, 1387 (2012) ("The favorable sentence that eluded the defendant in the criminal proceeding appears to be the sentence he or others in his position would have received in the ordinary course, absent the failings of counsel.").
>
> [FN12: There is objective evidence in the record demonstrating that Petitioner Sullivan would have accepted the State's pretrial plea offer but for counsel's ineffectiveness. The record establishes that Petitioner Sullivan requested defense counsel to make a counter-offer in response to the State's initial plea offer (i.e., Petitioner Sullivan was agreeable to the concept of resolving this case with a plea bargain). (H1-14, 59-60). Additionally, the record establishes that Petitioner Sullivan attempted to accept the plea offer during the trial. (H1-18, 84). Moreover, the record establishes that Petitioner Sullivan always followed defense counsel's advice (i.e., had defense counsel properly advised Petitioner Sullivan to accept the plea offer, then Petitioner Sullivan would have accepted the plea offer). (H2-106-07). And the record also establishes that there was a substantial disparity between the plea offer (ten years' imprisonment) and the sentence ultimately imposed by the trial court following the trial (thirty years' imprisonment). Finally, given the strength of the State's case – and the fact that Petitioner Sullivan had no valid defense in this case (and by presenting the invalid involuntary intoxication defense, defense counsel admitted to the jury that Petitioner Sullivan committed the crimes in question) – an objectively reasonable defendant would have accepted the State's plea offer but for defense counsel's ineffectiveness.]
>
> . . .
> . . . Absent counsel's ineffectiveness in the instant case, the result of the proceeding would have been different (i.e., Petitioner Sullivan would have been sentenced to ten years' imprisonment pursuant to the State's plea offer).

(Doc 3 - Pgs 17-19) (emphasis in the original). Although Petitioner Sullivan may have added minimal language to the prejudice/plea portion of this claim in the second amended § 2254 petition, it is clear that Petitioner Sullivan argued in the original petition that the lost plea opportunity was the prejudice suffered by Petitioner Sullivan as a result of defense counsel's ineffectiveness in defending the case on the legally impermissible defense of voluntary intoxication. Thus, the language regarding the prejudice/plea portion of this claim that was added to the second amended § 2254 petition clearly "relates back" to the original § 2254 petition. *See* Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the

amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading . . . .").[1]

Finally, the Respondent asserts that this claim was not properly exhausted in state court. (Doc 35 - Pg 38). In *Martinez v. Ryan*, – U.S. –, 132 S. Ct. 1309 (2012), the Supreme Court recognized an exception to the procedural bar rule that would otherwise prevent an ineffective assistance of trial counsel claim ("IAC claim") from being raised in a federal habeas proceeding if the IAC claim was not properly exhausted in state court. Specifically, the Supreme Court held that the procedural bar exception applies if the IAC claim could have been raised by counsel in an "initial-review collateral proceeding." The Supreme Court explained that "initial-review collateral proceedings" are collateral proceedings that "provide the first occasion to raise a claim of ineffective assistance at trial." *Martinez*, – U.S. at –, 132 S. Ct. at 1315. The Supreme Court held that inadequate assistance of counsel during the "initial-review collateral proceeding" may establish cause for a defendant's procedural default of an IAC claim.

In *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), the Ninth Circuit Court of Appeals discussed the *Martinez* standard:

> The Court in *Martinez* established a four-part test for excuse of a procedural default of a trial-counsel IAC claim by an ineffective postconviction counsel. The procedural default may be excused if there is "cause" for the default. "Cause" under

---

[1] In his answer, the Respondent cites *Mayle v. Felix*, 545 U.S. 644 (2005). *Mayle*, however, is clearly distinguishable from the instant case. In *Mayle*, the petitioner filed an amended petition that asserted a *new ground* for relief supported by facts that differed in both time and type from those the original pleading set forth. As explained above, Petitioner Sullivan did not present a "new claim" in his second amended § 2254 petition; rather, he merely made minor amendments to the claim that was timely raised in his original § 2254 petition. *See Mayle*, 545 U.S. at 664 ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.") (footnote omitted).

> *Martinez* has a different meaning than under *Coleman* [*v. Thompson*, 501 U.S. 722 (1991)]. "Cause" is established under *Martinez* where
>
>> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral review proceeding."
>
> *Trevino* [*v. Thaler*, – U.S. –, –,] 133 S. Ct. [1911,] 1918 [(2013)] (alterations in original).

Further, in *Detrich v. Ryan*, 740 F.3d 1237, 1246, 1248 (9th Cir. 2013), the Ninth Circuit explained:

> We therefore read the Court's reference to *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] in the second-posited case of the second requirement (where the prisoner had PCR counsel) to mean the same thing as in the first-posited case (where the prisoner was *pro se* in PCR proceedings). That is, in both of the posited cases, no showing of prejudice from PCR counsel's deficient performance is required, over and above a showing that PCR counsel defaulted a "substantial" claim of trial-counsel IAC, in order to establish "cause" for the procedural default.
>
> . . .
>
> The fact that some trial-counsel IAC claims may have been properly raised by the allegedly ineffective state PCR counsel does not prevent a prisoner from making a *Martinez* motion with respect to trial-counsel claims that were not raised by that counsel. Nothing in *Martinez* suggests that a finding of "cause" excuses procedural default only when state PCR counsel raised no claims of trial-counsel IAC whatsoever. Rather, *Martinez* authorizes a finding of "cause" excusing procedural default of any substantial trial-counsel IAC claim that was not raised by an ineffective PCR counsel, even if some trial-counsel IAC claims were raised.

In light of the foregoing, Petitioner Sullivan's claim is not procedurally defaulted and is properly pursued in the instant proceeding pursuant to *Martinez*. Petitioner Sullivan satisfies the *Martinez* standard. Under Florida law, trial IAC claims must be raised in an "initial-review collateral proceeding." *See Vanauken v. State*, 51 So. 3d 1186, 1188 (Fla. 5th DCA 2010) ("As a general rule, claims of ineffective assistance of counsel are not cognizable on direct appeal and can only be raised

in a postconviction motion under Florida Rule of Criminal Procedure 3.850."). Moreover, Petitioner Sullivan's postconviction counsel (Robert Harper, Esquire) was ineffective for failing to raise this "substantial" claim (i.e., Ground 1) in Petitioner Sullivan's state court initial-review collateral proceeding (i.e., no reasonable attorney would have failed to raise this claim in the Florida Rule of Criminal Procedure 3.850 motion and Petitioner Sullivan was prejudiced by Mr. Harper's ineffectiveness because Petitioner Sullivan's subsequent attempt to raise this claim in state court was deemed "procedurally barred").[2]  Accordingly, pursuant to *Martinez*, there is "cause and prejudice" for the procedural default of this claim.

Turning to the merits, the Respondent argues:

> As stated above, Petitioner contends that counsel was constitutionally ineffective for presenting the defense of voluntary intoxication. *Certainly, voluntary intoxication was not a valid defense in Florida at the time of Petitioner's offense and trial*.  However, at the state evidentiary hearing, Petitioner failed to establish that there was a valid alternative defense.

(Doc 35 - Pg 47) (emphasis added).  The Respondent adds: "since Petitioner presented no other viable defense that offered a reasonable likelihood of a different result, he cannot establish prejudice."  (Doc 35 - Pg 49).   In making this assertion, the Respondent completely ignores Petitioner Sullivan's argument that defense counsel's ineffectiveness deprived Petitioner Sullivan of the opportunity to accept a favorable plea.  The State extended a ten-year plea offer in this case, but defense counsel was ineffective for failing to advise Petitioner Sullivan to accept the plea offer

---

[2] Petitioner Sullivan attempted to present this claim in a second state postconviction motion, but – as conceded by the Respondent in his answer (Doc 35 - Pg 42) – the state court denied the claim as procedurally barred (i.e., the state court did not reach the merits of this claim). (Ex. S 455-56).  As a result, this Court's review of Ground 1 is *de novo* because no state court has ever addressed the merits of this claim.  *See Porter v. McCollum*, 558 U.S. 30, 39 (2009) (holding *de novo* review of the allegedly deficient performance of petitioner's trial counsel was necessary because the state courts had failed to address this prong of *Strickland* analysis).

(i.e., defense counsel told Petitioner Sullivan that he could win the case at trial using the voluntary intoxication defense). Defense counsel did not learn until the middle of trial that voluntary intoxication was no longer a defense in Florida.[3] In fact, during the state postconviction evidentiary hearing, defense counsel admitted that at the time of the trial in this case, *he was unaware that voluntary intoxication had been abolished as a defense in Florida*. (Ex. S 743).[4] Most importantly, Petitioner Sullivan testified during the state postconviction evidentiary hearing that had he known prior to trial that voluntary intoxication was not a defense, *he would have accepted the State's ten-year plea offer*. (Ex. S 520). Defense counsel himself admitted that had he known prior to trial that voluntary intoxication was not a defense, he would have recommended that Petitioner Sullivan accept the State's pretrial plea offer. (Ex. S 757). Thus – contrary to the Respondent's claim that Petitioner Sullivan "cannot establish prejudice," (Doc 35 - Pg 49) – Petitioner Sullivan has clearly established prejudice: absent defense counsel's ineffectiveness, Petitioner Sullivan would have been sentenced to ten years' imprisonment pursuant to the State's plea offer instead of the thirty-year sentence he received after the trial. *See Lafler v. Cooper*, – U.S. –, –, 132 S. Ct. 1376, 1387 (2012) ("If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea

---

[3] It was not until the charge conference – after the defense had rested – that the prosecutor explained (and defense counsel learned) that voluntary intoxication is not a valid defense. (Ex. F 128).

[4] *See Osagiede v. United States*, 543 F.3d 399, 408 n.4 (7th Cir. 2008) ("Counsel's duty to know the applicable law, at least when it matters to his client's defense, has been clearly established by *Strickland* and its progeny.").

opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence.").[5]

**Ground 2.   Defense counsel rendered ineffective assistance by failing to investigate – prior to trial – evidence of Petitioner Sullivan's mental health issues.**

In his answer, the Respondent argues that Petitioner Sullivan has "failed to establish that the [insanity] defense was viable." (Doc 35 - Pg 54).  Contrary to the Respondent's assertion, there is ample evidence in the record establishing that Petitioner Sullivan had a viable insanity defense, including: (1) Dr. Sean Stevens' testimony[6] (Ex. S 599-601);[7] (2) the fact that the state trial court offered the option of a mistrial (i.e., the trial court would not have offered the mistrial option if there was no evidence to support an insanity defense); and (3) most importantly, defense counsel's questioning of prosecution witnesses during the trial about the "use of force" form that was filled

---

[5] The record is clear that Petitioner Sullivan would have accepted the plea offer had he been advised that voluntary intoxication was not a defense in Florida and the ten-year plea offer was substantially less than the thirty-year sentence that Petitioner Sullivan is now serving.  Petitioner Sullivan further alleges that the prosecutor would not have withdrawn the offer (an offer that was made just a few days prior to the trial) and the state court would have accepted the offer (an offer that was "reasonable" under the circumstances of this case).

[6] In his answer, the Respondent incorrectly asserts that Dr. Stevens "[r]el[ied] solely on Dr. [Theron] Covin's 1991 report" in forming his opinion in this case.  (Doc 35 - Pg 17).  Contrary to the Respondent's assertion, the record establishes that Dr. Stevens relied on: (1) correspondence with Petitioner Sullivan (Ex. S 618); (2) face-to-face meetings with Petitioner Sullivan (Ex. S 653); (3) Dr. Covin's affidavit wherein Dr. Covin opined that Petitioner Sullivan suffered from posttraumatic stress disorder (Ex. S 599-600); (4) the history of Petitioner Sullivan's prior cases establishing that Petitioner Sullivan had previously been shot (on at least two separate occasions) by law enforcement officials (Ex. S 659-60); (5) the trial transcripts from the instant case (including the witnesses' accounts of Petitioner Sullivan's demeanor at the time of the alleged offenses) (Ex. S 601); and (6) conversations with Petitioner Sullivan's mother.  (Ex. S 648-49, 660).

[7] Dr. Stevens' testimony is sufficient to establish that Petitioner Sullivan had a viable insanity defense.  Ultimately, whether Petitioner Sullivan was insane at the time of the alleged offenses is a jury question.  *See Joseph v. State*, 65 So. 3d 587 (Fla. 4th DCA 2011).

out by law enforcement officials which stated that Petitioner Sullivan was "mentally deranged" at the time of the incident – a form that was provided to counsel *prior* to trial. (Ex. F 129). Accordingly, for all of the reasons set forth above and contained in his second amended § 2254 petition, defense counsel was ineffective for failing to investigate the insanity defense prior to trial.[8]

**Ground 3.   Defense counsel rendered ineffective assistance of counsel by improperly advising Petitioner Sullivan to waive the trial court's mistrial option.**

For all of the reasons set forth in his second amended § 2254 petition, Petitioner Sullivan maintains that defense counsel was ineffective for improperly advising him to waive the trial court's mistrial option. In support of this claim, Petitioner Sullivan continues to rely on *United States v. Ramsey*, 323 F. Supp. 2d 27 (D.D.C. 2004), where the court held that postconviction prejudice is established when counsel erroneously advises a defendant concerning the option of a mistrial. In *Ramsey*, the court explained that if a mistrial is granted, there are several options for a criminal defendant, *including pursuing a plea agreement with the prosecution following the mistrial*. This reasoning clearly applies to Petitioner Sullivan's case. *See Ramsey*, 323 F. Supp. 2d at 43 ("But the first trial had proved so disastrous for the defendant – in part because of the missteps of his counsel – that there was no downside in seeking a mistrial to reopen plea discussions."). Once defense counsel learned (in the middle of the trial) that voluntary intoxication was not a valid defense, defense counsel's only option to effectively represent Petitioner Sullivan was to accept the mistrial offer and thereafter pursue the State's ten-year plea offer.[9] In fact, defense counsel conceded during

---

[8] Had defense counsel properly conducted a pretrial investigation into this matter, defense counsel would have realized that insanity was a valid defense and defense counsel would have filed the requisite notice as required by Florida Rule of Criminal Procedure 3.216.

[9] Alternatively, a mistrial would have allowed Petitioner Sullivan to pursue an insanity defense.

the state court evidentiary hearing that had he known prior to trial that voluntary intoxication was not a defense, he would have recommended that Petitioner Sullivan accept the State's pretrial plea offer. (Ex. S 757). Under these circumstances, *no reasonable lawyer* would have chosen to reject the mistrial offer and continue with the trial (especially in light of the Respondent's concession "there was no actual defense" in Petitioner Sullivan's case). (Doc 35 - Pg 47).[10] Notably, in his answer, the Respondent *completely fails* to address Petitioner Sullivan's argument that defense counsel should have accepted the mistrial option *in order to pursue the ten-year plea offer* (as articulated in *Ramsey*).

**Ground 4.    Defense counsel rendered ineffective assistance of counsel because, ultimately, defense counsel failed to present *any defense* to the jury.**

Petitioner Sullivan continues to assert that defense counsel was ineffective because, ultimately, defense counsel failed to present *any defense* to the jury. As explained in his second amended § 2254 petition, in light of the trial court's instruction to the jury that voluntary intoxication is not a defense in Florida, and in light of defense counsel's failure to investigate the insanity defense prior to trial (which prevented Petitioner Sullivan from arguing the insanity defense because counsel failed to file the required pretrial notice), Petitioner Sullivan was ultimately left with no defense. *See People v. Diggs*, 177 Cal. App. 3d 958, 970 (Cal. Ct. App. 1986) ("It has been held that where counsel fails to argue in support of evidence showing a lawful defense, and instead argues a theory not recognized as a lawful defense, and upon which the jury will receive no instructions, counsel has

---

[10] As explained in the second amended § 2254 petition, it appears that defense counsel's misadvice regarding the mistrial option was based on defense counsel's desire to conclude his representation of Petitioner Sullivan as quickly as possible. At the conclusion of the trial, defense counsel stated that he did not want a mistrial because "I want to try this case and be done with it." (Ex. F 138).

incompetently deprived his client of a potentially meritorious defense and has effectively conceded his client's guilt.").

**Ground 5.    The state trial court erred by denying Petitioner Sullivan's motion to recuse.**

Petitioner Sullivan continues to rely on the arguments set forth in his second amended § 2254 petition in support of this claim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing instrument has been furnished to:

Assistant Attorney General Joshua R. Heller

by CM/ECF delivery this 11th day of June, 2014.

/s/ Michael Ufferman
MICHAEL UFFERMAN
Michael Ufferman Law Firm, P.A.
2022-1 Raymond Diehl Road
Tallahassee, Florida 32308
(850) 386-2345/fax (850) 224-2340
FL Bar No. 114227
E-mail: ufferman@uffermanlaw.com

Counsel for Petitioner **SULLIVAN**